By the Court:

Monell, J.
The chief-justice, in recapitulating some of the evidence to the jury, stated to them that it was shown “that the defendants’ cart and horse were being driven behind a railroad car, up town. When they got in the neighborhood of the lower crossing of Fourth street the railroad car slackened its speed, and there the defendants’ driver turned his horse, he says, slowly out of the track. He had been driving in the track immediately behind the car. From that place (the lower crossing *342 of Fourth street) to the upper crossing, or a few feet beyond it, he had made such speed that his horse’s head was about even with the heads of the horses of the railroad car. Judging from all the circumstances—considering that it was about the time of the lamps being lighted, that it was at the crossing of the streets, that the horse was skittish, hard-mouthed, and was controlled by only a common single bit (the driver testifying that it afterwards became necessary to put on a United States cavalry bit), and that the driver, by turning out to the east side of the railroad car, was in a position where he could not so well see parties coming from the west side—considering all these circumstances, the court'decides, as matter of law, that there was negligence on the part of the defendants. That question, therefore, is withdrawn from the consideration of the jury. It will be your duty to assume that the defendants were negligent in this act, which caused the accident—that the accident was caused, primarily, by their negligence.”
It must have been assumed by the chief-justice in this case that the evidence in support of the facts which he held to be conclusive of the defendants’ negligence was wholly uncontradicted. If that were indeed so, and such evidence was sufficient to convict the defendants of negligence causing the injury, there was no error in withdrawing that question from the consideration of the jury.
But I think the chief-justice was mistaken in assuming that there was no conflict in the evidence. The only fact which tended to establish the defendants’ negligence was the rate of speed at which the defendants’ servant was driving at the time of the collision. The other and only other fact stated, namely, “that the horse was skittish, hard-mouthed, and was controlled only by a common single bit,” was not supported by any evidence of knowledge in the defendants.
In regard to the speed of the defendants’ horse the plaintiff testified, “ It was going so fast I could not get in front of the cart; the cart was going so fast I could not get on my feet.” Again, “ I don’t know that I can state how fast defendants’ horse *343 was going; he was going considerably faster than the car horses; he must have been, to keep up with them. When I crossed the railroad the car was going faster than usual, and the cart was going faster than the car.” One of the plaintiff’s witnesses testified that when the plaintiff was being dragged, “ the cart was going pretty fast—faster than a railroad car usually runs.”
On the defense, however, the driver of the defendants’ cart, in answer to the question at what rate he was going at the time, said, “ A very good fast walking horse could go as fast as I did then.” He also testified, “ When my cart struck the plaintiff, I was going between four and five miles an horn’.”
The chief-justice must have overlooked this evidence in assuming that the negligence of the defendants was established as a matter of law; for it seems to me that if the jury had found (had the question been submitted to them) that the rate of speed of the defendants’horse was such as was testified to by the driver, it would have negatived the only piece of evidence having any tendency whatever to convict the defendants, and they would have been entitled to a verdict.
I am clearly of opinion, therefore, that the withdrawal from the jury of the question of the defendants’ negligence was erroneous, and for that reason the judgment should be reversed and a new trial had.
We do not, as it is not necessary, express any opinion as to the sufficiency of the proof of the defendants’ negligence, nor in regard to any concurring negligence there may have been on the part of the plaintiff. These are left open questions.
Judgment reversed and new trial granted, with costs to appellants to abide the event.